[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8370
This action is one for dissolution of the parties' 22-year marriage. The parties have two children, Yvonne Wanza, age 19, and Herbert Wanza III, age 15.
The plaintiff wife presently is employed as a third grade teacher in the Hartford School System. She has held that position for ten years. Her gross weekly income is $838.33 per week and her net weekly income is $649.13. She is vested in a pension which has a present value of approximately $20,000.
The defendant is licensed as a master plumber. He has been a real estate developer and has worked on, built or refurbished a number of commercial and residential properties as the Wanza Construction Company and sold many through his other business, Wanza Development Company. He is an experienced tradesman and businessman.
The defendant testified that his current income is a $162.23 weekly V.A. disability check and $280 weekly as unemployment compensation. He is the owner of a business called Mil-Wan Mechanical Construction, Inc. The current value of that company's assets and its profits, if any, was the subject of debate throughout the trial. The defendant described it as a dormant business saddled with several million dollars worth of debts and, further, that it is a defendant in at least three lawsuits in which claims against it are approximately $150,000.00.
The plaintiff presented evidence that Mil-Wan is an active business which had, by the defendant's own admission, outstanding contracts with several different clients which totalled in excess of $1,000,000.00 since, the commencement date of this action; she cites the November 10, 1990 testimony of Herbert Wanza before Judge Herbert Barall. The defendant maintains that that potential income is no longer a realistic expectation in view of the company's dire straits.
The defendant is the mortgagee on at least two mortgages totalling $110,000.00 taken back by him for the sale of real estate to David and Edna Bowen in August, 1989. The defendant testified that the total amount due him in those mortgages is uncollectible and should not be considered as having any appreciable current value. The plaintiff questioned the defendant's efforts to try and collect those debts. CT Page 8371
The defendant testified that he personally sold property and assets of his other closely held company, H W Heating Plumbing, Inc. These sales of real estate between 1986-1988, having a total selling price of $753,000.00, which, after adjustments and the repayment of mortgages netted the defendant approximately $270,000 either in cash or mortgages back to him from the buyer. Those mortgages were described by the defendant as uncollectible.
The defendant maintained that the cash proceeds went to pay outstanding debts and obligations of H W Heating Plumbing, Inc., including his own claims against the company for "back pay" which the company owed to him.
The plaintiff was not a party to any of those sales and received no proceeds from any of them.
In 1983, the parties filed jointly for bankruptcy citing the financial reversals encountered by Mr. Wanza's businesses as the primary reason for seeking that relief from creditors.
The defendant was very discrete in his financial dealings and rarely allowed the plaintiff to share that information.
She testified that only by virtue of the work product of a financial planner which she happened to see was she made aware of certain certificates of deposit owned by her husband. She was rarely informed of the bank accounts unless her participation was necessary, such as in 1976 when the defendant prevailed upon her to remove her pension funds from her Windsor School position. Even then she claims he refused to tell her how those funds, between $7,000.00 and $8,000.00, were to be used.
The defendant testified that for many years during the marriage, he participated in Friday night poker games. He acted as the promoter on many occasions furnishing the room, refreshments and other accoutrements in return for a percentage of the winnings. It was not unusual for him to realize between $600.00 and $700.00 on a good night.
The defendant testified that within the last two years he has taken what he described as business trips to Florida and Jamaica for the express purpose of participating in the construction and development of time share resort property. He lived with friends, rent free, on those occasions and was very frugal in his expenses. The projects, CT Page 8372 by his testimony, "never got off the ground." He denies owning any interest in real property in either location.
The plaintiff testified that another reason for the Florida visits was to see a woman friend and she offered as evidence a florist bill paid by the defendant showing flowers sent to that woman. The defendant maintains that she is an old friend who recently was stricken with cancer, hence, the flowers.
On December 30, 1975, the defendant, acting as President of Wanza Development, quit-claimed the marital residence to Lorraine Wanza and Lorraine Wanza, Trustee."
The plaintiff signed a writing dated December 30, 1975, wherein she declared that she was holding one-half interest to said property in trust for her daughter, Yvonne D. Wanza, until she reaches the age of twenty-one years.
At trial, the defendant argued that "it was never determined" for whom Lorraine Wanza was to be trustee. He denied ever having previously seen her written declaration of trust dated December 30, 1975, which identifies daughter Yvonne as beneficiary of the trust property.
He claims the ultimate designation of the beneficiary was never made.
The plaintiff, conversely, testified that while she couldn't remember the date she executed the declaration of trust identifying Yvonne as beneficiary, she does remember signing such a declaration, albeit on a date after the conveyance date. That document was admitted into evidence as plaintiff's Exhibit 8.
The evidence and testimony, when reviewed in its entirety, paints a financial picture illustrating the use by the defendant of his skills, enterprise and business experience to amass and to expend considerable sums of money over the course of this marriage.
However, the more credible evidence leads the court to find that most, if not all, of the financial gain realized by the defendant was used to satisfy debts which were his alone and the remaining funds were retained by the defendant and withheld from the plaintiff. In most cases she appears to have not even been aware of the existence of such funds.
In the areas of his income potential, current assets, CT Page 8373 project profits from his businesses and physical health the defendant lacks, to a varying degree, credibility with the court.
In the areas concerning his past financial ventures and his accountability for the money and property realized by him, the defendant, if believed, is found to have failed to provide the plaintiff with anywhere near the financial benefit to which she was entitled.
The court further finds that, notwithstanding the pendente lite order of this court (Steinberg, J.), the defendant has failed to contribute to the mortgage indebtedness, on the marital home, requiring the plaintiff to expend $4,726.45 to attempt to prevent a foreclosure on that property.
The court finds the defendant's earning potential to be at least $45,000.00 per year. Allowing for standard deductions for federal and state income tax, self-employment tax and FICA, the court finds the defendant's potential net income to be $30,000 per year or $600.00 per week.
After hearing the evidence and testimony and having taken into consideration the factors recited in C.G.S. Sections 46b-81 and 46b-82, including, but not limited to, the parties' ages, health, station, occupation, amounts and sources of income; vocational skills, employability, estate and needs, the court enters the following orders.
The court finds that the marriage of the parties has broken down irretrievably. The court awards whatever right, title and interest the parties have in and to the marital residence located at 195 Orchard Hill Drive, South Windsor, Connecticut to the plaintiff wife.
The court notes the conflicting claims by the parties regarding what, if any, interest their daughter Yvonne Wanza has or may have as a beneficiary of a trust — the corpus of which is one-half interest in said property. No attempt shall be made as part of this judgment to resolve that claim as between the plaintiff and her daughter.
The court further orders the defendant to reimburse the plaintiff the sum of $4,726.45 which it finds he failed to pay as mortgage payments pursuant to the order of this court. Payment to be made within 120 days.
The court awards to the defendant the 1992 Audi automobile and the two GMC pickup trucks, and awards the 1987 CT Page 8374 Cadillac to the plaintiff. The defendant is ordered to pay any remaining loan balance, if any, on said vehicle within 60 days.
The court awards $12,500.00 of the funds currently on deposit in the parties' account in the Connecticut National Bank to the plaintiff. The balance of said funds is awarded to the defendant.
The plaintiff is awarded all right, title and interest in and to her pension fund.
The defendant is awarded all rights, titles and interest in and to Mil-Wan Mechanical Contractors, Inc. and H W Heating Plumbing Co., Inc. such as they are.
The court awards the parties joint legal custody of their minor son, Herbert Wanza III. His primary place of residence shall be that of his mother. The defendant is to have reasonable and liberal visitation.
Having made a finding of the parties respective earning capacities, the court finds the combined net weekly income of the parties to be $1,249.13. Based on support guideline recommendations, the court finds the support obligation to be $323.00 and orders the defendant to pay to the plaintiff the sum of $155.00 per week as support for the benefit of his minor son.
The court orders the defendant to pay to the plaintiff alimony in the amount of $1.00 per year.
The court orders the defendant to pay to the wife's attorney counsel fees in the amount of $2,500.00 within six months.
The court having found the marriage to be broken down irretrievably, enters an order that the marriage is dissolved and the parties are single and unmarried.
BY THE COURT:
Joseph W. Doherty CT Page 8375